USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/12/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PAMELA SMITH,

                Plaintiff,

   -v-

PACERMONITOR, LLC, *et al.*,

               Defendants.
-----------------------------------------------------------------X

**TRANSFER ORDER**

19-CV-11849 (PAE) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

      Plaintiff Pamela Smith, proceeding *pro se,* filed the present action pursuant to 42 U.S.C. §§ 1983 and 1985, alleging that Defendants violated her constitutional rights.  Named as Defendants are PacerMonitor, LLC, the Oklahoma Attorney General, and the Tulsa County District Attorney.  The Court *sua sponte* raised the issue as to whether venue properly lies in the Southern District of New York because two of the three Defendants reside in Oklahoma, the events giving rise to the complaint occurred in Oklahoma, and the claims arise out of lawsuits brought in the Northern and Western Districts of Oklahoma (and even if venue were proper, whether the case should be transferred).  For the reasons set forth below, this action is transferred to the United States District Court for the Northern District of Oklahoma.[1]

---

[1] Because a motion to transfer venue is non-dispositive, this Court, to whom the case was referred by Judge Engelmayer for general pretrial supervision (Dkt. No. 4), will adjudicate it by order pursuant to 28 U.S.C. § 636(b)(1)(A) (rather than by issuing a report and recommendation).  *See, e.g., United States ex rel. Fisher v. Bank*

1

## I. BACKGROUND

This case arises out of a lawsuit Smith filed in 2000 in the Northern District of Oklahoma, in which she alleged that an Oklahoma Department of Public Safety ("DPS") employee, David Cochran, sexually assaulted her in 1997 and 1998, while she was in the custody of the Oklahoma Department of Corrections. *See Smith v. Dep't of Pub. Safety*, No. 00-CV-35 (N.D. Okla. Mar. 1, 2004). The jury returned a verdict in Cochran's favor, and the district court's judgment against Smith was affirmed by the United States Court of Appeals for the Tenth Circuit. *Smith v. Cochran*, 182 F. App'x 854, 857 (10th Cir. 2006). Smith alleges that subsequent grand jury proceedings were "corrupted." Compl. dated December 26, 2019 ("Compl."), Dkt. No. 1 ¶ 75; Letter from Pamela Smith in Response to Order to Show Cause filed on January 28, 2020, Dkt. No. 6, at 3.

Nearly 15 years after the resolution of her case in the Northern District, Smith filed a lawsuit in the Western District of Oklahoma, in which she asserted claims against the State of Oklahoma, the DPS, and the Oklahoma Attorney General ("Oklahoma AG") for, *inter alia,* prosecutorial misconduct in interfering with the grand jury in Oklahoma and intentional infliction of emotional distress. *Smith v. Tulsa Cnty. Dist. Attorney*, No. 19-CV-426 (W.D. Okla. July 26, 2019). The district court dismissed the complaint for failure to respond in a timely manner and

---

*of Am., N.A.*, 204 F. Supp. 3d 618, 620 n.1 (S.D.N.Y. 2016); *Adams v. Barnhart,* No. 03–CV–1362 (KMW) (GWG), 2003 WL 21912543, at *1 (S.D.N.Y. Aug. 8, 2003). Under Rule 72(a) of the Federal Rules of Civil Procedure, a district judge may modify or set aside any portion of a magistrate judge's non-dispositive order only if it is found to be "clearly erroneous or contrary to law." Fed R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

failure to state a claim. *Id.* On January 17, 2020, the Tenth Circuit affirmed because Smith did not oppose the district court's dismissal on the basis of timeliness and defendants' immunities. *Smith v. Oklahoma ex rel. Tulsa Cty. Dist. Attorney Office*, No. 19-6123, 2020 WL 260951, at *2 (10th Cir. Jan. 17, 2020).

Smith commenced this action on December 26, 2019, invoking the Court's federal question jurisdiction. Compl. ¶ 1. She asserts a number of claims, including, *inter alia,* unlawful deprivation of rights and conspiracy to interfere with rights, intentional infliction of emotional distress, disparate treatment based on race, and defamation. In particular, Smith alleges that PacerMonitor, the Oklahoma AG, and the Tulsa County District Attorney ("Tulsa DA") conspired to violate her rights in connection with the 2019 Western District of Oklahoma case and treated her differently based on her race. Compl. at 1 ("Nature of the Action").

Judge Engelmayer referred this case to me for general pretrial supervision on January 2, 2020. Dkt. No. 4. On January 6, 2020, I issued an Order to Show Cause as to why the case should not be transferred to either the Western or Northern District of Oklahoma. Dkt. No. 5. Smith responded by filing a letter on January 28 and two additional letters on January 29, 2020. Dkt. Nos. 6–8.

## II. DISCUSSION

Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any

3

> judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled, and a defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. §§ 1391(c)(1) and (2). Where a state has more than one judicial district, a defendant corporation generally "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).[2]

Smith filed this complaint regarding events occurring at her residence in Tulsa, Oklahoma (located in the Northern District of Oklahoma) and in connection with her lawsuits in the Northern and Western Districts of Oklahoma. Addresses for the three named Defendants, PacerMonitor LLC, Oklahoma AG, and Tulsa DA, are listed in the complaint in New York, New York, Oklahoma City, Oklahoma, and Tulsa, Oklahoma, respectively. Compl. ¶¶ 6–8. Because Smith does not allege that all Defendants reside in New York or that a substantial part of the events or omissions underlying her claim arose in the Southern District, venue does not appear to be proper in this District under § 1391(b)(1) or (2).

---

[2] In a state with multiple districts, if there is no such district, "the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

4

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See, e.g., Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. Occupational Safety & Health Admin.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to a plaintiff's choice of

forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459 (S.D.N.Y. 2011). A plaintiff's choice of forum is accorded less deference where she does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72–73 (2d Cir. 2001).

Under § 1404(a), transfer is appropriate in this case. First, Smith, by her own admission, does not live in this District but rather in the Northern District of Oklahoma. Compl. ¶ 5. Second, the underlying events all occurred in the Northern and Western Districts of Oklahoma and all Defendants (except PacerMonitor) reside in the State of Oklahoma. *Id.* ¶¶ 6–75. The county of Tulsa, Oklahoma is located within the Northern District of Oklahoma, the district in which Smith has a pending matter in federal court related to this case. *See* 28 U.S.C. § 116(a).[3] Third, the transfer factors either weigh in favor of transfer (factors 1–5, 7, and 10) or are neutral (factors 6 and 8– 9). Nothing in Smith's letter opposing the transfer suggests otherwise. Indeed, in her correspondence to the Court, she does not identify any connection whatsoever to the Southern District of New York. Therefore, based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the Northern District of Oklahoma. *See* 28 U.S.C. § 1391(b); 28 U.S.C. § 1404(a).

---

[3] In her Northern District of Oklahoma case, Smith moved for relief from final judgment and for an order directing the United States Department of Justice to investigate her claims against the Oklahoma AG and PacerMonitor. *Smith,* No. 00-CV-35, ECF Nos. 113, 123. This motion remains pending.

6

### III. CONCLUSION

For the reasons stated above, transfer of this case to the United States District Court for the Northern District of Oklahoma is appropriate. Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, the Court will delay issuing the order of transfer to allow Smith 17 days (including weekends and holidays) from service of this Order (which includes three days because the Order is being mailed to Plaintiff) to file any objections. *See* Fed. R. Civ. P. 6(a), (b), (d). Such objections shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Engelmayer and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007. In the absence of any objections, the Court will direct the Clerk, by separate order issued after March 2, 2020, to effectuate the transfer.

The Clerk of Court is respectfully directed to mail a copy of this transfer order to Smith by certified mail and note service on the docket.

**SO ORDERED.**

Dated: February 12, 2020
  New York, New York

_____
JAMES L. COTT
United States Magistrate Judge