UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

PAMELA SMITH, )
 )
      Plaintiff, )
 )
v. ) Case No. 20-CV-0126-CVE-FHM
 )
PACERMONITOR, LLC, )
OKLAHOMA ATTORNEY GENERAL, and )
TULSA COUNTY DISTRICT ATTORNEY, )
 )
 )
      Defendants. )

## OPINION AND ORDER

Now before the Court is plaintiff's pro se complaint (Dkt. # 1). Plaintiff filed this case in the United States District Court for the Southern District of New York alleging claims relating to a conspiracy to deprive her of procedural due process in a separate lawsuit. Plaintiff also claims that defendants are engaged in a conspiracy to defame her in an attempt to discredit her allegations of sexual assault that date back approximately 20 years. The Southern District of New York transferred the case to this Court, and the Court has reviewed the complaint to determine if the Court has subject matter jurisdiction over plaintiff's claims.

In January 2000, plaintiff filed a lawsuit alleging that she was the victim of sexual assault while she was an inmate in the Tulsa Community Correction Center. Smith v. Department of Public Safety et al., 00-CV-035-JED-saj (N.D. Okla.). The case went to trial on plaintiff's claims against one defendant, Don Cochran, and the jury found in favor of Cochran. Dkt. # 91. Plaintiff appealed the adverse verdict, and the Tenth Circuit Court of Appeals rejected plaintiff's arguments for a new trial. Dkt. # 110. In 2007, the United States Supreme Court denied plaintiff's petition for a writ of

certiorari and it appeared that the case was closed. Dkt. # 112. In May 2019, plaintiff filed a new case in the United States District Court for the Western District of Oklahoma against the Tulsa County District Attorney's Office, the Oklahoma Department of Public Safety, and the Oklahoma Attorney General. Smith v. Tulsa County District Attorney Office, 19-CV-426-D (W.D. Okla.). Plaintiff was not represented by counsel. Plaintiff reasserted her allegations from her prior lawsuit and she alleged that the defendants failed to fully investigate her allegations of sexual assault for the purpose of prosecuting the alleged perpetrator. Defendants filed a motion to dismiss and plaintiff claimed that she was not served with a copy of the motion. The court directed defendants to send a copy of the motion to dismiss to the address listed on the docket sheet and extended plaintiff's time to respond to the motion. Dkt. # 7. Plaintiff failed to file a response and the court dismissed plaintiff's claims with prejudice. The Tenth Circuit affirmed the dismissal of plaintiff's claims on the basis that plaintiff's claims were untimely and defendants were immune from suit. Plaintiff alleges that the defendants conspired to deprive her of procedural due process in her Western District case by falsely representing that they had served her with a copy of the motion to dismiss. Dkt. # 1, at 11-17. She also claims that the Tulsa County District Attorney used his office to undermine or discredit plaintiff's allegations of rape and sexual assault. Id. at 18. Plaintiff seeks $7 million in compensatory damages and $8.3 million in punitive damages.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors

Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

A court reviewing a pro se plaintiff's complaint must broadly construe the allegations of the complaint to determine if the plaintiff can state a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given a pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Bell Atlantic Corp. v.Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

3

of action will not do.") (quotation marks and citations omitted). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985 are primarily based on her allegations that the defendants filed a motion to dismiss her Western District case, but the motion was filed secretly and not placed on the docket sheet. Dkt. # 1, at 12. She claims that defendants engaged in a conspiracy to make it appear that she had been served with a copy of the motion to dismiss, but she alleges that her case was dismissed without the motion being served on her. Id. at 13. The Court has reviewed the docket sheet from plaintiff's Western District case and it clearly shows that the defendants filed a motion to dismiss on June 6, 2019. Smith v. Tulsa County District Attorney Office, 19-CV-426-D, Dkt. # 4 (W.D. Okla. June 6, 2019). Plaintiff was clearly aware of this motion to dismiss, because she sent a letter to the court clerk stating that knew of the motion to dismiss and had not received a copy of the motion. Smith v. Tulsa County District Attorney Office, 19-CV-426-D, Dkt. # 6 (W.D. Okla. June 21, 2019). In response to plaintiff's letter, the court extended plaintiff's deadline to respond to the motion to dismiss and directed defendants to mail another copy of the motion to plaintiff. Smith v. Tulsa County District Attorney Office, 19-CV-426-D, Dkt. # 7 (W.D. Okla. June 21, 2019). Defendants filed a certificate of service stating that they had complied with the order and plaintiff still failed to file a response to the motion.

The Court finds that plaintiff's claims based an alleged denial of procedural due process are meritless. Plaintiff alleges that defendants conspired to deprive her of notice of the motion to dismiss, but the docket sheet shows that the motion was placed on the public docket sheet. Even if there was such a conspiracy, it was wholly unsuccessful and she knew about the motion to dismiss

4

for more than a month before it was granted. As noted by the Tenth Circuit, plaintiff could have gone to the court clerk's office and personally requested a copy of the motion to dismiss, even if it had not been served on her. Smith v. Oklahoma ex rel. Tulsa County District Attorney Office, ___ F. App'x ___, 2020 WL 260951 *1 n.2 (10th Cir. Jan. 17, 2020). In other words, there was nothing secret about defendants' motion to dismiss and plaintiff could have personally requested a copy of the motion from the court clerk's office at any time. The key requirement of procedural due process in the context of judicial proceedings is that a party receive reasonable notice and an opportunity to be heard. In re C.W. Mining Co., 625 F.3d 1240, 1245 (10th Cir. 2010). Plaintiff admits that she had notice that the motion to dismiss was filed and she was given additional time to respond to the motion after she complained that she did not receive a copy of it. Plaintiff has not alleged facts suggesting that a violation of her right to procedural due process occurred, and her claims based on denial of her right to due process or conspiracy to deprive her of procedural due process are dismissed. The Court also notes that the Western District and the Tenth Circuit found that plaintiff's underlying claims were untimely and that defendants were immune from plaintiff's claims, and plaintiff has not suggested that she had colorable arguments which could have prevented the dismissal of her claims. Plaintiff also alleges a defamation claim against the Tulsa County District Attorney, but she made similar allegations in her Western District case and those claims were dismissed. It appears that she is seeking to relitigate a claim that has already been dismissed, and her defamation claim is also subject to dismissal.[1]

---

[1] The Court also notes that subject matter jurisdiction is premised on federal question jurisdiction, and her defamation claim is based on state law. The Court would decline to exercise supplemental jurisdiction over this claim, even if she could state a colorable defamation claim, because there are no federal claims remaining to be adjudicated.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed**. A separate judgment of dismissal is entered herewith.

**DATED** this 3rd day of April, 2020.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE